COUNTIES AND COUNTY OFFICERS
A county officer, such as enumerated in 19 O.S. 180.47 [19-180.47] (1971), or a deputy of such officer, utilizing his or her personal automobile for official business, may be reimbursed for properly authenticated parking fees and turnpike fees incurred during travel on official business. The Attorney General is in receipt of your request for an opinion wherein you ask the following question: "Are county officers, such as enumerated in 19 O.S. 180.47 [19-180.47] (1971), and deputies of such officers, who travel in their personally owned automobiles on official business, entitled to reimbursement from county funds for turnpike and parking fees?" In your letter, you pointed out that in an opinion to James B. Martin, County Attorney, Wagoner County, dated February 10, 1959, it was held, in interpreting the provisions of 19 O.S. 180.47 [19-180.47], that county officers may not be reimbursed for toll road fees. In Opinion No. 77-127, in interpreting the provisions of 74 O.S. 500.2 [74-500.2] (1977), it was held that a state employee, utilizing his or her personal automobile for official state business may be reimbursed for parking fees and turnpike fees. You observed in your letter that the language in 19 O.S. 180.47 [19-180.47] (1971) in relation to reimbursement for travel expenses is very similar to the language found in 74 O.S. 500.2 [74-500.2] (1977) and requested clarification from this office. It should be initially observed that the language of 19 O.S. 180.47 [19-180.47] (1971) is as follows: "Each county treasurer, county clerk, county attorney and county judge and county superintendent in the respective counties of the State shall be paid all traveling expenses which are incurred in performing the actual and necessary official duties of their respective offices. The funds herein set up for the traveling expenses of the several officers named in this section may be drawn either by said county official or a regular deputy of said office. The traveling expenses shall be paid for the reimbursement of money expended in the performance of official duties and shall be paid said official or deputy upon sworn claims and shall be calculated on a basis of ten cents (10) for each mile traveled plus other necessary actual expenses, including meals and lodging within the State of Oklahoma. Official business may be inside or outside of the respective counties within the State of Oklahoma and shall include co-ordinate business between any county office and State or Federal office or board at the instigation of either, or in attendance upon the Oklahoma Court of Tax Review, when requested in writing by the County Attorney." Emphasis added In the opinion to James B. Martin, County Attorney, Wagoner County, dated February 10, 1959, it was stated: "With reference to the use of a personal car by the county officer or his deputy, we believe that it was the intention of the Legislature that the 6 mile allowed by said statute was to cover all expenses incident to the use of such car; and, therefore, the expense of using a car for traveling on a toll road would not be separately reimbursable." In Attorney General Opinion No. 70-196, a question was raised concerning whether or not the term travel expense mentioned in 69 O.S. 317 [69-317](A) (1971) included meals, lodging, telephone, telegraph, and toll charges for traveling on turnpikes. The statute in question, 69 O.S. 317 [69-317](A) (1971), made no specific mention of these particular expenses and stated only that "travel and registration fees may be paid by the counties upon the filing of a proper claim with all receipts attached." In considering the same, it was held as follows: "It is reasonable to conclude that 'travel' or 'travel expenses' of any county officer where not otherwise defined would fall within the definition expressed in 19 O.S. 180.47 [19-180.47], supra. It is, therefore, the opinion of the Attorney General, that expenses for meals, lodging, telephone, telegraph and turnpike toll charges are included within the meaning of "travel" in S.B. 376, 32nd Oklahoma Legislature, 2nd Session (1970) now codified as 69 O.S. 317 [69-317](A) (1971), when such expenses are necessary and actual expenses incurred by the County Commission while traveling to the educational meeting described in said Senate Bill." Emphasis Added In Attorney General Opinion No. 77-127, this office was called upon to determine whether or not a state employee, being in all respects qualified to utilize his personal automobile for official state business, may be reimbursed for properly authenticated parking fees and turnpike fees which have been incurred as a function of his authorized travel. In construing the provisions of 74 O.S. 600.2 [74-600.2] (1977), which provides for reimbursement of officials and employees of the State of Oklahoma for travel expenses on authorized state business, we held as follows: "After due consideration, it must be concluded that the Legislature never intended that the reimbursement paid a traveler on free state roads or a traveler not required to park in a parking facility receive a windfall when compared to the state traveler required to use the turnpike or a parking facility. "It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: A state employee, utilizing his or her personal automobile for official state business, may be reimbursed for properly authenticated parking fees and turnpike fees incurred during travel on official state business." In interpreting the provisions of 19 O.S. 180.47 [19-180.47] (1971), we find the language contained therein stating "shall be paid all traveling expenses which are incurred in performing the actual and necessary official duties of their respective offices" especially compelling. Said language, especially when considered in the light of our interpretation of other statutes providing for reimbursement of employees and officers, leads to the conclusion that it was the intention of the Legislature that the ten cents per mile allowed by said statute was to cover only those expenses incident to the use of privately owned motor vehicles. It would appear to be a strained conclusion to conclude that the Legislature intended for parking fees and turnpike fees to be recouped from the ten cents allowed for each mile traveled. It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: A county officer, such as enumerated in 19 O.S. 180.47 [19-180.47] (1971), or a deputy of such officer, utilizing his or her personal automobile for official business, may be reimbursed for properly authenticated parking fees and turnpike fees incurred during travel on official business. Any prior opinion of this office holding contrary to the conclusions hereof is hereby withdrawn to the extent that the same conflicts with the views contained herein. (LARRY D. BARNETT)